Ryan L. Gentile
Law Offices of Gus Michael Farinella, PC
147 West 35th Street
Suite 1008
New York, NY 10001
Tel: 201-873-7675
Attorney for Plaintiff, Nelma S. Lopes Moreira,
on behalf of herself and all others similarly situated


UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------X
NELMA S. LOPES MOREIRA,
on behalf of herself and all others
similarly situated                                                  Civil Action No.
                                Plaintiff,
        v.
                                                            **CLASS ACTION**
                                                            **COMPLAINT**
NCO FINANCIAL SYSTEMS, INC.

                                Defendant.
-----------------------------------------------------X

        Plaintiff, by and through her counsel, The Law Offices of Gus Michael Farinella, PC, as

and for her complaint against the defendant, on behalf of a class pursuant to Rule 23 alleges as

follows:


                                **INTRODUCTION**


1.  Plaintiff brings this action to secure redress from unlawful credit and collection practices

    engaged in by the defendant NCO Financial Systems, Inc. ("NCO"). Plaintiff alleges

    violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

    ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA)

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant does business within this District;

   b. The acts giving rise to this lawsuit occurred within this district.

## PARTIES

5. Plaintiff, Nelma S. Lopes Moreira, is an individual who resides in the City of Rahway, County of Union, State of New Jersey.

6. Plaintiff is a "consumer" as defined by the FDCPA.

7. Defendant, NCO, at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within this state. NCO's principal place of business is located at 4740 Baxter Road Virginia Beach, VA 23462.

8. The principal purpose of the Defendant is the collection of debts using the mail and telephone.

9. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. NCO is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

**FACTS**

11. On or about July 30, 2013 Defendant sent a letter to Plaintiff seeking to collect an account with GE Capital Retail Bank related to a BabiesRUs credit card account ending in "1195". The Total Balance was disclosed as $1,552.00. The letter did not seek to collect the minimum payment due but rather sought to collect the entire $1,552.00 balance allegedly owed. Annexed and attached hereto as "**Exhibit A**" is a copy of the July 30, 2013 letter.

12. "**Exhibit A**" was the initial collection "communication" with the consumer as "communication" is defined by the FDCPA.

13. On or about October 1, 2013 GE Capital Retail Bank sent a statement to the plaintiff seeking to collect the same GE Capital Retail Bank account ending in "1195" that the Defendant sought to collect by sending the letter annexed as "**Exhibit A**".  Annexed and attached hereto as "**Exhibit B**" is a copy of the October 2013 statement. On the October 2013 statement the Total Balance was disclosed as $1,683.79.

14. In sending the letter annexed as "**Exhibit A**", NCO sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal credit card debt owed to GE Capital Retail Bank.

15. The letter attached as **Exhibit A** is a "communication" as that term is defined by 15

   U.S.C. §1692a(2).

## CLAIM FOR RELIEF

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

   though fully stated herein.

17. In sending the letter attached as **Exhibit A** the defendant violated 15 U.S.C. §§1692,

   §1692(e)(2), (e)(10) and §1692g(a)(1).

18. Section 1692e provides:

   **§1692e.          False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

   (A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

19. Section 15 USC 1692g provides**:**

   **§1692g          Validation of debts**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

   (1) the amount of the debt

20. Defendant violated §1692g(a)(1) by asserting flatly in the notice required by §1692g that

   the Total Balance was a sum certain and omitting to disclose that the amount of the debt

   would increase due to interest. The assertion was untrue and known to be untrue since

defendant was hired to collect a balance that it knew would increase by the amount of interest accrued.

21. Nondisclosure of the amount of the debt, where the debt will increase over the course of the collection, is a well recognized violation. <u>Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC</u>, 214 F.3d 872 (7th Cir. 2000).

22. Defendant not only failed to accurately disclose the amount of the debt it was collecting as mandated by §1692g(a)(1), but simultaneously misrepresented its character (as fixed) and its legal status (not disclosing that it was continuing to accrue interest) in violation of §1692(e)(2)(A) and (10).

23. This Court recognizes that a validation notice violates the statute unless it states the total amount due as of the date the letter is sent and also discloses whether the amount of the debt will increase due to interest. <u>See Smith v. Lyons, Doughty & Veldhuius, P.C., No. 07-5139, 2008 WL 2885887, at *6</u> (D.N.J. July 23, 2008).

24. The impact of these letters is to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

25. NCO is liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violation.

## <u>CLASS ALLEGATIONS</u>

26. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

27. The class consists of (a) all individuals (b) with a New Jersey address (c) who have received an initial communication letter from NCO in the form of **Exhibit A** seeking to

collect a personal debt owed to GE Capital Retail Bank (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action where (e) the initial letter asserted that the Total Balance was a sum certain and (f) the amount owed was actually increasing because of interest accrued.

28. The class is so numerous that joinder of all members is not practicable.  On information and belief, there are at least 40 members of the class.

29. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common question is: (1) whether sending an initial letter stating that the amount owed was a sum certain when this was known to be untrue because the defendant was hired to collect a balance that it knew would increase by the amount of interest accrued violates the FDCPA.

30. Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in consumer litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.  Individual actions are not economically feasible;

    b.  Members of the class are likely to be unaware of their rights;

    c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrating proceeding.

Dated: New York, New York
          December 30, 2013

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile
By:_____

Ryan Gentile (RG0835)
Attorney for Plaintiff
147 West 35th Street
Suite 1008
New York, NY 10001
Tel: (201) 873-7675
Fax: (212) 675-4367
rlg@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile
By:_____

Ryan Gentile