UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NELMA LOPES MOREIRA,**<br><br>     Plaintiff,<br><br>v.<br><br>**NCO FINANCIAL SYSTEMS, INC.,**<br><br>     Defendant. | **Civil Action No. 13-7889 (FSH)**<br><br>**SCHEDULING ORDER<br>IN AN ARBITRATION CASE** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on June 26, 2014; and for good cause shown,

**IT IS on this 30th day of June, 2014,**

**ORDERED THAT:**

## I.  ARBITRATION

1. This matter is subject/referred to arbitration pursuant to Local Civ. R. 201.1.  Counsel will receive further instruction and guidelines regarding arbitration directly from the Clerk of the Court.  Arbitration shall commence on or after **January 30, 2015**.

## II.  COURT DATES

2. There shall be a telephone status conference on **September 24, 2014 at 10:00 a.m.**  Plaintiff shall initiate the call.  The parties are to submit a joint status letter no later than **September 19, 2014,** itemizing the issues counsel would like to discuss in the upcoming conference.  Additional conferences may be scheduled by the Court via text order as necessary.

3. There will be a settlement conference before the Undersigned on a **date to be determined later.**  No later than **7 days prior to the conference**, each party should submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's "bottom line" position on settlement.  "Bottom line" means the minimum for which Plaintiff will settle or the maximum for which Defendant will settle.  **Trial Counsel and clients with full settlement authority must attend the conference.**  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

4. The Final Pretrial Conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **a date to be determined.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial Conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

### III.  DISCOVERY AND MOTION PRACTICE

5. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **June 30, 2014**.

6. Any motion to amend pleadings or join parties must be filed by **September 26, 2014, to be returnable October 20, 2014**.  If a party seeks to file a motion to amend pleadings or join parties after this date, the party needs to show good cause why the amendment could not have been done earlier.

7. Discovery necessary to engage in meaningful settlement discussions is the responses to written discovery, and it to be completed by **September 2, 2014**.

8. The parties may serve up to **25** interrogatories limited to single questions including subparts.  The parties shall serve written discovery requests no later than **July 31, 2014**, and to be responded to **by no later than September 2, 2014,** in accordance with the Federal Rules of Civil Procedure**.**

9. The number of depositions to be taken by each side shall not exceed **three (3).**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions are to be completed no later than **November 30, 2014.**

10. Fact discovery is to commence immediately and be diligently pursued continuously; it shall remain open until **November 30, 2014**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown. The Court will be expecting you to have promptly begun discovery and be ready for a settlement conference within 90 days after today's date; the Court expects the parties to have already exchanged documents and completed significant depositions by that time.  Failure to quickly commence discovery will result in sanctions.

11. The parties shall provide the Court with a joint proposed discovery confidentiality order no later than **August 11, 2014**.  *See* Local Civil Rule 5.3.  Any proposed confidentiality order agreed to by the parties must strictly comply with Fed R. Civ. P. 26(c) and L. Civ. R. 5.3.  *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the

designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated "**Discovery Confidentiality Order**." *See* L. Civ. R. 5.3 and the Court's Form Discovery Confidentiality Order at Appendix S.

12. The parties are directed to Fed. R. Civ. P. 26(f), as amended December 1, 2006, which among other things, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection.  The parties are also directed to L. Civ. R. 26.1(d) which, among other things, describes the obligation of counsel with regard to their clients' information management systems.  The parties will meet and confer on a specific protocol of electronic discovery within 30 days of receipt of written discovery demand which require electronic discovery.

13. Counsel shall immediately confer in a good faith attempt to resolve any and all discovery disputes *as soon as they arise*, and *before* seeking the Court's intervention.  Should such informal effort fail to resolve the dispute within 14 days of the occurrence of the dispute the matter shall immediately be brought to the Court's attention via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

    No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

    Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **September 15, 2014**.  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date and any objection will be deemed to have been waived.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

14. Motions brought on grounds of Qualified Immunity, should be filed within 120 days of the date in #6 above.  Opposition briefs are due 14 days after that filing and reply briefs are due 7 days after the opposition brief.  At no time shall a motion based on qualified immunity be made later than the time for the filing of summary judgment motions.

15. All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference.  Each party seeking to file one or more summary judgment motions shall submit a letter of not more than 10 pages outlining the legal basis for their proposed motions, the undisputed facts upon which those motions are based.  The letters shall not include exhibits.  Letters submitted in opposition to proposed

summary judgment motions are similarly limited to 10 pages. Any and all dispositive motions must be filed **by a date to be determined after arbitration** and must comply with Local Rule 7.1. No extensions under Rule 7.1 may be sought. No pretrial dispositive motions will be entertained after that date. The motion(s) shall be returnable before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

16. *In limine* motions are due 30 days *after* the return date of Summary Judgment motions. Opposition briefs are due 14 days after *in limine* motions are filed and reply briefs are due 7 days after the opposition brief. *In limine* motions are not, and should not be treated as, dispositive motions.[1] Improper *in limine* motions will be stricken. In addition, because Summary Judgment motions will not have been decided by the time the *in limine* motions are filed, each party should indicate in their *in Limine* briefs which *in limine* motions are mooted if Summary Judgment is granted on certain issues. The parties should do this by cross-referencing which "Point" in their Summary Judgment motion affects the *in limine* motion. This cross-reference and mootness shall be indicated in the first paragraph of each *in limine* motion.

### IV.  EXPERTS

17. Discovery shall be conducted during same period as fact discovery, unless there is a liability expert and the expert needs fact discovery to be concluded to issue an expert report on liability.

18. All affirmative expert reports shall be delivered by **December 31, 2014**.

19. All responding expert reports shall be delivered by **January 30, 2015**.

20. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

    b. The completion of expert depositions is reserved until after arbitration.

    c. Schedule for *Daubert* Motions: shall be set after arbitration. If the *Daubert* ruling causes either party to believe there are no genuine issues of material fact remaining, that party shall contact Hon. Faith S. Hochberg by letter and explain why that party should be given a renewed opportunity to file a motion for Summary Judgment.

---

[1] Motions *in limine* and motions for summary judgment are two distinct vehicles and should not be used interchangeably. The Court of Appeals for the Third Circuit has stated that "[u]nlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1069 (3d Cir. 1990).

## V.  ARBITRATION OF THIS CASE

21. This case is scheduled to proceed to arbitration and shall be prepared to go to arbitration on or after **January 30, 2015.**

22. If either party seeks trial de novo post-arbitration, the parties shall, within 5 days of the Arbitrator's award, contact the Magistrate Judge to schedule a date for a Final Pretrial Conference, which shall be no later than 30-days after the trial de novo demand. The parties shall have 7-days to submit a proposed Final Pretrial Order to the Magistrate Judge.

## VI.  FINAL PRETRIAL CONFERENCE

23. The final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **a date to be determined**.  The final pretrial conference will occur even if dispositive motions are pending.  The Court will adjourn the Final Pretrial conference *only* if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

24. <u>Not later than **30 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

25. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **twenty (20) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution. A final pretrial Order is intended to advise the Court of the issues remaining in the case to be resolved at trial.  It is not intended to be so long as to be burdensome to the District Court. Nor is it expected to recite every fact to be proven at trial.  In order to provide notice to each party of the facts and legal positions preserved for trial, a Long Form Final Pretrial Order shall be exchanged between the parties and docketed.  A Summary Form of the Final Pretrial Order shall be filed with the District Court and docketed.  The Summary Form in this case shall not exceed **twenty (20)** pages.

26. The original of both the long form and summary form of the Final Pretrial Order shall be delivered to the Chambers of the Undersigned Magistrate Judge no later than **seven days prior to the conference**.  All counsel are responsible for the timely submission of the Pretrial Order.

27. The Court expects to engage in meaningful settlement discussions at the Final Pretrial Conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

28. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law and, trial brief no later than 30 days before trial, or at such other time as the Court orders.

29. A trial conducted by the Honorable Faith S. Hochberg, U.S.D.J., shall commence on **a date to be determined**.

## VII.  MISCELLANEOUS

30. The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.  The Court expects that if it raises the subject of settlement NO party shall be unable to conduct settlement discussions because discovery has been slow in commencing or not purposely and diligently pursued throughout the case.

31. No extensions of time will be granted if discovery has not been pursued expeditiously, diligently and continuously.

32. Because all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

33. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

34. Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

35. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

   s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**